Pet. Eq.                          Orr *vs.* Batterton.

Case 21.                          ERROR TO BOURBON CIRCUIT.

14bm 81
105  272   1. By the act of 1834, giving liens in favor of mechanics, such liens are subordinate to the lien of the vendor of the lands upon which improvements are made.

2. The act of 1831 gave a lien upon the buildings constructed or repaired, and for materials. The act of 1834 extends the lien to the interest of the employer in the lot and premises on which the buildings are erected, but subject to prior liens on the property.

July 1.          Judge SIMPSON delivered the opinion of the court.

Case and ques-
tion stated.

This suit involves the question that arises under the acts of 1831 and 1834, (3 *Stat. Law*, 409–411,) giving a lien to mechanics. Whether this lien is entirely subordinate to that which the employer's vendor has on the lot and premises on which the building may have been constructed or repaired, or whether the vendor's lien must be restricted to the value of the property in the condition it was before the improvements were made upon it, for which the mechanics' lien is claimed?

This question may be of considerable importance to the claimants, because it may frequently happen that the property upon which expensive buildings have been erected, will not sell for enough to pay the vendor the balance of the purchase money due to him for the premises, and the sums due to those persons who are entitled to a lien on the property under these statutes.

If the question had to be determined upon general equitable principles, it might be just and proper to appropriate to the satisfaction of the mechanics' liens, so much of the proceeds of the sale of the property as resulted from its enhanced value, created by the improvements which they made upon it. But it would be often extremely difficult, if not impracticable, to adjust the rights of the parties under such a principle. The value of the property, in consequence

of the improvements made upon it, might be apparently enhanced very considerably, when, at the same time, a public sale would demonstrate incontestibly, that its vendible value had been but little augmented.

We are, however, relieved from the necessity of attempting to prescribe a satisfactory and practicable rule for the adjustment, upon equitable principles, of the respective rights of the parties in such cases, inasmuch as the act of 1834 has, in our opinion, made the vendor's lien superior to that given to the mechanics.

By the act of 1831, the mechanics' lien attached alone to the building constructed or repaired by them, or for which they had furnished materials. This act was so amended by the act of 1834, as to extend the liens thereby given to the interest of the employer, in the lot and premises on which such building was constructed or repaired, but it expressly provides, that the act of 1831 shall not be construed to affect, impair, or injure any lien or liens which any person may have on the property.

Now, there can be no doubt, that independent of the law which gives a lien to the mechanic, the property, in its improved condition, if the vendee had made any improvements upon it, was subject to the vendor's lien, it follows, therefore, as an inevitable consequence, as this law does not affect or injure the lien of the vendor, that it has to be first satisfied, and the lien on the property given to the mechanic is entirely subordinate to it.

There is, however, nothing in the record by which the amount due to the vendor in this case can be ascertained. He sets forth in his answer, it is true, the sum he claims to be due to him by the vendee, but his answer was not made a cross-bill, nor did he introduce any evidence upon the subject. The statement in his answer did not authorize the decree in his favor, but as the complainant admits in his bill that a balance of the purchase money remains unpaid, the

---

ORR
*vs.*
BATTERTON.

1. By the act of 1834, giving liens in favor of mechanics, such liens are subordinate to the lien of the vendor of the land upon which improvements are made.

2. The act of 1831 gave a lien upon the buildings constructed or repaired, and for materials. The act of 1834 extends the lien to the interest of the employer in the lot and premises on which the buildings are erected, but subject to prior liens on the property.

vendor should be allowed an opportunity to prove what amount of the purchase money, for the lot upon which the building was erected, remains unpaid. And in the investigation of this matter, the complainant will have a right to show, if he can do so, that the lot upon which the improvements were made, was sold separately from the adjacent property, and that the whole balance of the purchase money claimed by the vendor is not due to him, on account of the sale of the sale of this lot.

Wherefore, the decree is reversed, and cause remanded for further proceedings consistent with this opinion.

T. Y. Payne and Metcalfe for plaintiff; G. Davis for defendant.